UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARDING MATERIALS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:16-cv-02681-JMS-MJD |
| RELIABLE ASPHALT PRODUCTS, INC., | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss. [Dkt. 8.] For the following reasons, the Magistrate Judge recommends that the Court **DENY** Defendant's Motion.

**I. Background**

This diversity case arises out of a dispute over a contract (the "Contract") to renovate Plaintiff's asphalt plant and expand its production capacity. [Dkt. 1-1.] Plaintiff alleges that Defendant poorly designed and installed the upgrades to Plaintiff's plant, causing frequent shut downs and loss of business. [*Id.*] Plaintiff, an Indiana citizen, brought suit in Indiana state court, alleging breach of contract, breach of warranties, and professional negligence. [*Id.*] Defendant, a Kentucky citizen, removed the matter to this Court [Dkt. 1] and filed the instant motion to dismiss [Dkt. 8], citing the Contract's forum-selection clause which provides (in all capital letters) that "any litigation arising hereunder shall be filed in a court of law or equity in Jefferson County, Louisville, Kentucky" [Dkt. 1-1 at 48.] The Contract also contains a choice-of-law clause (also in all capital letters), providing that the Contract is "deemed to be made in Kentucky and governed by Kentucky law." [Dkt. 1-1 at 47.]

## II. Discussion

Defendant initially filed the instant Motion in reliance upon Federal Rule of Civil Procedure 12(b)(3), which permits a party to move to dismiss an action for improper venue. As Plaintiff explained in response, however, Rule 12(b)(3) only countenances a motion to dismiss where the venue contravenes the federal venue statute—not where the venue contravenes a private forum-selection clause. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. Of Tex.*, 134 S. Ct. 568 (2013).

Nonetheless, Plaintiff proceeded to address Defendant's Motion on its merits and contends that Indiana's anti-venue statute, Ind. Code § 32-28-3-17, voids both the forum selection and choice-of-law clauses. Plaintiff maintains in the alternative that the anti-venue statute expresses a "strong public policy" of this forum, such that enforcement of the clauses would be inappropriate. [Dkt. 14 at 7.]

In reply, Defendant acknowledges that *Atlantic Marine* precludes a motion for dismissal under Rule 12(b)(3) on the basis of the forum-selection clause. Defendant, however, asks the Court to treat its Motion as a motion for dismissal for *forum non conveniens*. Defendant expressly disavows any interpretation of its Motion as one for transfer pursuant to 28 U.S.C. § 1404(a), arguing instead that dismissal rather than transfer is appropriate because the forum selection clause contemplates only a state-court forum.[1]

Despite its clear representation that the forum selection clause does not allow this matter to be maintained in a **federal** court in Kentucky, Defendant repeatedly asks the Court to treat its Motion "as one made pursuant to [28 U.S.C.] § 1404(a)," which is the federal change of venue statute. [Dkt. 20 at 1.] Section 1404(a) permits transfer of cases, not dismissal, and is a partial

---

[1] In light of those representations, the Court concludes that Defendant is now judicially estopped from arguing that a federal forum in Kentucky would be appropriate.

2

codification of the common law *forum non conveniens* doctrine. A federal court may transfer a matter under § 1404(a) only to another federal judicial district. Section 1404(a) does not allow a federal court to transfer a case to a state court. In light of Defendant's representations that the Contract's forum-selection clause only allows this case to be brought in a state court in Jefferson County, Kentucky [*e.g.* Dkt. 9 at 6-7; Dkt. 20 at 4-5], § 1404(a) cannot provide Defendant any relief in this case.

The "residual doctrine" of *forum non conveniens* persists of its own accord, though it generally requires "the same balancing-of-interests" test as § 1404(a). *Atl. Marine*, 134 S. Ct. at 580. Because the response and reply briefs fully develop arguments on the relevant issues, the Court finds it appropriate to treat Defendant's Motion as a motion for dismissal for *forum non conveniens*.

If Plaintiff is correct that the anti-venue statute applies or that the forum-selection clause is otherwise unenforceable, then Defendant's Motion must be denied because Plaintiff makes no other argument in support of dismissal. The Court therefore first addresses whether state law or federal law applies. Second, the Court addresses whether the forum-selection clause is enforceable under applicable law. Finally, the Court addresses whether dismissal is appropriate for *forum non conveniens*.

### A. Applicable Law

Plaintiff argues that Indiana Code section 32-28-3-17 voids the forum selection and choice of law clauses. In the alternative, Plaintiff argues that enforcement of the clauses would contravene Indiana's public policy. Defendant, in reply, responds that section 32-28-3-17 does not affect the result in this case because federal law applies to determine the validity of a forum-selection clause.

Thus, the first issue to resolve is whether federal or state law applies in determining whether the forum-selection clause is valid and enforceable. Defendant's argument relies upon a tandem of Supreme Court cases addressing forum-selection clauses: *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), and *Atlantic Marine*, 134 S. Ct. 568 (2013). The more recent case, *Atlantic Marine*, held that the factors a court must consider in ruling on motions pursuant to § 1404(a) or *forum non conveniens* change dramatically "when the parties' contract contains a **valid** forum-selection clause." 134 S. Ct. at 581 (emphasis added). In fact, the entire *Atlantic Marine* "analysis **presupposes** a contractually **valid** forum-selection clause." *Id.* at 581 n.5 (emphasis added). Thus, *Atlantic Marine* provides no guidance in answering the antecedent question of whether federal or state law applies to determine the **validity** of the forum-selection clause in this case.

*Stewart*, on the other hand, hits closer to the mark in that it held that the venue transfer statute, § 1404(a), embodied Congress's directive to apply federal law to motions for transfer. 487 U.S. 22. *Stewart* held that, in addressing such motions, the "first question for consideration . . . [is] whether § 1404(a) itself controls [the movant's] request to give effect to the parties' contractual choice of venue." *Id.* at 29. Because Congress itself had validly spoken through § 1404(a), federal law applied, such that even the strongest state policy against forum-selection clauses would not warrant dispositive weight in the transfer analysis.

But unlike in *Stewart*, where "a validly enacted Act of Congress control[led] the issue in dispute," *id.* at 32 n.11, here Defendant seeks dismissal pursuant to the common-law, "residual doctrine" of *forum non conveniens*, *Atl. Marine*, 134 S. Ct. at 580; *see, e.g.*, *Sinochem Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007). Congress has **not** expressly displaced state law with regard to this particular doctrine, which it certainly could have done at

4

the time it passed § 1404(a) or later once the Supreme Court continued to recognize the *forum non conveniens* doctrine. Most critically, *Stewart* expressly left open the question of what law applies to the validity of forum-selection clauses, 487 U.S. at 27 n.6, "other than in the **specific context** exemplified by the *Stewart* case, that is, other than in cases in which the determination of validity is incidental to the application of the *forum non conveniens* **statute**." *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 609 (7th Cir. 2006) (emphasis added) (recognizing circuit split and collecting cases).

In 2014—eight months after *Atlantic Marine* was decided—the Seventh Circuit squarely held that "in the absence of a controlling federal statute," *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 774 (7th Cir. 2014) (quoting *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 826 (6th Cir. 2009)), "**the law designated in the choice of law clause** [is] used to determine the validity of the forum selection clause," *id.* at 774 (emphasis added) (citing *Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 423 (7th Cir. 2007)). The Seventh Circuit recognized that applying either federal or state law in such situations could seem "arbitrary." *IFC Credit*, 437 F.3d at 609. The court observed that "[i]f federal law governs, an arbitrary difference between a federal and a state litigation is created. If state law governs, an **arbitrary difference between a dismissal (followed by a refiling) and a transfer is created**." *Id.* (emphasis added). Either result creates some incentive for forum shopping. But while "*Stewart* too is an invitation to forum shop," it was "an invitation tendered . . . by section 1404(a)." *Id.* Neither § 1404(a) nor any other section of the United States Code provides the basis for Defendant's Motion in this case. Therefore, the Court concludes that **state law** applies to determine the validity of the forum-selection clause.

**B. Enforceability of Forum Selection Clause Under State Law**

The next issue is which state's law applies and how the application of state law impacts the enforceability of the forum-selection clause. A straightforward application of *Jackson* and the other Seventh Circuit cases set out above would result in application of Kentucky law based upon the Contract's choice-of-law clause. Complicating matters is Indiana's anti-venue statute, which provides as follows: "A provision in a contract for the improvement of real estate in Indiana is void if the provision: (1) makes the contract subject to the laws of another state; or (2) requires litigation, arbitration, or other dispute resolution process on the contract occur in another state."[2] Ind. Code § 32-28-3-17. If this provision applied, there would be no forum-selection or choice-of-law clauses to analyze.

The Court need not resolve this issue because the result is the same whether Indiana or Kentucky law applies. Clearly, if Indiana's anti-venue statute applies, the forum-selection clause is void and unenforceable. But even if Kentucky law applies, the Indiana anti-venue statute remains relevant. Kentucky, like the majority of jurisdictions, does not enforce a forum-selection clause where "enforcement would contravene a strong public policy of the forum in which the suit is brought." *Wilder v. Absorption Corp.*, 107 S.W.3d 181, 183 (Ky. 2003); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Here, the anti-venue statute, with its language providing that forum-selection clauses are "void," expresses Indiana's strong public policy in "having these types of actions litigated within its borders." *E & J Gallo Winery v. Morand Bros. Beverage Co.*, 247 F. Supp. 2d 973, 978 (N.D. Ill. 2002); *see Coral Chem. Co. v. Chemetall US, Inc.*, No. 4:16-CV-00023-RLY-DML, 2016 WL 3521952, at *5 (S.D. Ind. June

---

[2] Defendant does not contest that the Contract is one "for the improvement of real estate in Indiana."

28, 2016) (applying similar analysis and noting that the relevant issue is whether the "forum-selection clause violates Indiana's public policy").

Defendant places all of its eggs in the "federal law" basket and makes no argument addressing whether the forum-selection clause constitutes a strong public policy of this forum; Defendant therefore waives any argument that it does not. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Accordingly, the Court concludes that the Contract's forum-selection clause contravenes the strong public policy set out in section 32-28-3-17 and is therefore **unenforceable** in the present context.

### C. *Forum Non Conveniens* Analysis

Having found that the forum-selection clause is unenforceable for purposes of the *forum non conveniens* analysis, the Court must ascertain whether Defendant has nonetheless met its burden of demonstrating that this is an inappropriate forum for this litigation.

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine*, 134 S. Ct. at 580. *Forum non conveniens* requires application of the same factors as the transfer statute, § 1404(a), which as explained above is a partial codification of the doctrine. *Id.* These factors include private interest factors, such as access to evidence, availability of compulsory process, and practical challenges, and public interest factors, such as court congestion, community interest, and familiarity with the law. *Id.* at 581 n.6.

The calculus changes dramatically, however, when there is a valid forum-selection clause. *Id.* at 581-82. Here, as the Court explained above, there is no valid forum-selection clause for purposes of the *forum non conveniens* analysis. Defendant has raised no other

7

argument in favor of dismissal for *forum non conveniens*. As Plaintiff explains, the dispute centers around Defendant's construction work in Indiana, so this forum clearly has a strong connection to the case. Accordingly, the Court concludes that Defendant has not met its burden of showing that dismissal is warranted in the absence of a valid forum-selection clause.

### III. Conclusion

Defendant repeatedly disavows seeking transfer to a federal court in Kentucky under § 1404(a) and maintains instead that the forum-selection clause only contemplates venue in Kentucky state court. Defendant therefore seeks dismissal pursuant to the common-law doctrine of *forum non conveniens*. Binding Seventh Circuit precedent requires this Court to apply state law to determine whether a forum-selection clause is enforceable where, as here, there is no controlling federal statute. Under either Kentucky or Indiana law, the forum-selection clause is unenforceable in the present context, and Defendant makes no other arguments to support dismissal. Accordingly, the Magistrate Judge recommends that the Court **DENY** Defendant's Motion to Dismiss. [Dkt. 8.]

Any objections to the Magistrate Judge's Report and Recommendation must be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 6 FEB 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.